UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CONNIE C. RESHARD**, <br><br> Plaintiff, <br><br> v. <br><br> **BARBARA J. STEVENSON**, <br><br> Defendant. | Case No. 20-cv-1212 |

### MEMORANDUM OPINION

In May 2020, Connie C. Reshard, a self-represented attorney, filed suit asserting a host of D.C. law claims against her former landlord, Barbara J. Stevenson. The suit stems from a long-running dispute between the two women over Reshard's lease of a condominium unit from Stevenson in D.C.

The complaint avails itself of the Court's diversity jurisdiction and, as relevant here, alleges that Reshard resides in Maryland whereas Stevenson resides in the District of Columbia. See Compl. ¶¶ 2–3, ECF No. 1. Although the case was initially assigned to Judge Boasberg, it was subsequently reassigned to this Court under the local rule on related cases. See Feb. 11, 2021, Min. Order; see also LCvR 40.5(a)(4). As it happens, Reshard had previously filed the same claims against Stevenson in a case assigned to this Court in 2018. See Reshard v. Stevenson, No. 18-cv-775, 2018 WL 10667526 (D.D.C. Oct. 5, 2018), aff'd, 801 F. App'x 790

(D.C. Cir. 2020).[1]  That case was dismissed without prejudice for failure to effectuate service of process.  See id.

In November 2020, Stevenson (who is also representing herself) moved to dismiss the complaint for lack of subject matter jurisdiction.[2]  See Mot. to Dismiss, ECF No. 10.  Stevenson contended that the Court lacked diversity jurisdiction over the case because, contrary to the allegations in the complaint, both parties resided in Maryland when Reshard filed the complaint in May 2020.  See id. at 6.  In support of that contention, Stevenson submitted an affidavit attesting to the following facts.  See Mot. to Dismiss, Ex. J, ECF No. 10-2.  From 1994 to 2018, Stevenson lived in a single-family home in Silver Spring, Maryland.  Id. ¶ 2.  In 2018, Stevenson moved to her D.C. condo and resided there until March 2020, when "for personal reasons related to the spreading coronavirus pandemic" she "decided that continuing to live in a multi-unit building in the District of Columbia was not safe for [her] health."  Id.  Stevenson thus relocated to her home in Silver Spring, where she has resided ever since.  Id.  Additionally, Stevenson avers that she votes in Maryland, pays state and federal taxes in Maryland, and considers Maryland to be her domicile.  Id.

Reshard contests Stevenson's characterization of her domicile.  See Resp. re Mot. to Dismiss at 4–5, ECF No. 13.  Specifically, Reshard claims that Stevenson has "repeatedly

---

[1] The reassignment was also prompted by Judge Boasberg's discovery that he personally knew the defendant.  See Feb. 11, 2021, Min. Order.  Thereafter, Reshard moved to disqualify the undersigned on the grounds that the case should have been randomly assigned to another judge as opposed to directly transferred.  See Mot. for Recusal, ECF No. 19.  According to Reshard, both this Court and Judge Boasberg harbor personal bias against her.  See id.  The Court denied the recusal motion following a hearing.  See Feb. 23, 2021, Min. Order; see also Feb. 25, 2021, Min. Order.

[2] Stevenson also requested dismissal for failure to state a claim under Rule 12(b)(6).  See id. at 6–11.  The Court declines to address that portion of the motion given its conclusion that it lacks subject matter jurisdiction over this case.

asserted" in other contexts that Stevenson's D.C. condo is "her permanent home and domicile." Id. at 4; see also id. at 5 (claiming that Stevenson "repeatedly assert[ed] the plan to live in [D.C.] because she was retired"). Reshard also gleans evidence of Stevenson's D.C. residency from her attempts to effectuate service. For instance, Reshard points out that Stevenson refused to accept service by certified mail at the D.C. condo. Id. at 5. Reshard further claims that staff at Stevenson's D.C. condo told Reshard's process server that Stevenson resided there. Id. Finally, Reshard argues that even if Stevenson did relocate to Maryland in March 2020, the coronavirus is a "temporary reason" to move and therefore cannot change a person's residency for jurisdictional purposes. Id. at 6.

Where, as here, "a party expressly declares [her] [domiciliary] intent, and the opposing written submissions do not demonstrate the falsity of the declaration with reasonable certainty, . . . the court cannot rest its decision simply on the paper record[.]" Prakash v. Am. Univ., 727 F.2d 1174, 1180 (D.C. Cir. 1984). Instead, the court "must hold a hearing in order to adequately assess credibility." Id. Consistent with this mandate, on February 1, 2021, Judge Boasberg issued a Minute Order directing the parties to "appear for an evidentiary hearing by video regarding whether diversity jurisdiction exists" on February 11, 2021. See Feb. 1, 2021, Min. Order. At the February 11 hearing, Judge Boasberg discovered that he knew the defendant and must recuse. See Feb. 11, 2021, Min. Order. That same day, the case was reassigned to this Court by consent under the Court's related case rule. See ECF No. 17; see LCvR 40.5(a)(4).

Following the reassignment, this Court independently reviewed the record and likewise concluded that an evidentiary hearing was necessary under Prakash, 727 F.2d at 1180. On February 25, 2021 (that is, two weeks after the originally-scheduled evidentiary hearing before Judge Boasberg), the Court directed the parties to appear for an evidentiary hearing on the issue

3

of Stevenson's domicile on April 1, 2021. See Feb. 25, 2021, Min. Order. This schedule, the Court explained, afforded the parties reasonable time to prepare in light of the fact that Reshard had been "on notice of her opportunity to present evidence at a hearing since at least February 1, 2021, when the prior presiding judge scheduled such a hearing for February 11, 2021[.]" Id. In other words, an April 1, 2021 hearing date effectively afforded the parties two months of preparation. Neither party filed any motion to extend that deadline.

On March 17, 2021, Reshard notified the Court that "[i]n order to avoid further delay," she would "withdraw[] her objection that [Stevenson] was not domiciled in the State of Maryland on May 8, 2020." See Notice, ECF No. 21. As a result, it is now undisputed that Reshard and Stevenson both resided in Maryland when Reshard filed the complaint. In order "[f]or diversity jurisdiction to exist," however, "no plaintiff may share state citizenship with any defendant" as measured at the time the complaint is filed. CostCommand, LLC v. WH Adm'rs, Inc., 820 F.3d 19, 21 (D.C. Cir. 2016). Accordingly, the Court must dismiss this case for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss. A separate order shall accompany this memorandum opinion.

CHRISTOPHER R. COOPER
United States District Judge

Date: March 23, 2021